AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
v.
LEONEL GARCES

FILED by D.C.
JUL 1 1 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

(Name and Address of Defendant)

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4173-BSS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about  July 11, 2000  in  Broward  county, in the  Southern  District of  Florida  defendant(s) did, (Track Statutory Language of Offense)

Knowingly possessed with intent to distribute Heroin, a Scheduled I Controlled Substance and Conspired to possess with intent to distribute Heroin

in violation of Title  21  United States Code, Section(s)  846 and 841 (a)(1) .

I further state that I am a(n)  Special Agent with DEA  and that this complaint is based on the following facts:
Official Title

See attached affidavit incorporated by reference.

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

S/A
Signature of Complainant

Sworn to before me and subscribed in my presence,

July 11, 2000  at  Ft. Lauderdale, FL
Date                                          City and State

BARRY SELTZER
US MAGISTRATE JUDGE
Name & Title of Judicial Officer                Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

### AFFIDAVIT

Before me, the undersigned personally appeared Robert Shinn, who being duly sworn, deposes and states:

1. I am employed as a Special Agent with the Drug Enforcement Administration (DEA) in Fort Lauderdale, Florida. I have been a Special Agent for approximately three and one half years and am currently assigned to investigate violations of federal narcotics laws. Prior to my employment with the DEA, I was a police officer in St. Louis County Missouri for 8 years. During my last two years in St. Louis County I was assigned to a narcotics unit where I conducted narcotic investigations.

2. During my career as a DEA Agent and as a police officer, I have participated in numerous investigations involving violations of narcotics laws, including several of heroin cases. As a result of my experience, I am familiar with the manner and methods used by narcotics traffickers to distribute narcotics.

3. This affidavit is submitted in support of a complaint to show probable cause charging LEONEL GARCES with violations of federal law to wit; possession with intent to distribute heroin, in violation of Title 21, United States Code, Section 841 (a) (1), and conspiracy to possess with intent to distribute heroin , in violation of Title 21, United States Code, Section 846. These are not all of the facts known to the affiant but only those necessary for a determination of probable cause.

4. On July 11, 2000, members of the Broward County Domestic Interdiction Unit (DIU) were working in the terminal area of the Fort Lauderdale/Hollywood International Airport. At approximately 6:25A.M., Detectives Robert Wolfkill and Jose Interian observed two male subjects later identified as LEONEL GARCES and EDWIN NORBERTO MOSQUERA walking into terminal four. Upon entering the terminal, GARCES and MOSQUERA repeatedly scanned the terminal area to determine if they were being followed. GARCES and MOSQUERA walked to the

Jet Blue Airlines ticket counter, at which time DIU detectives overheard MOSQUERA translating Spanish to English on behalf of GARCES who was paying for a cash one-way ticket to New York, NY. GARCES and MOSQUERA appeared nervous and turned around several times to examine both DIU detectives. Detective Wolfkill displayed his law enforcement badge, at which time GARCES became very nervous. Detective Interian approached GARCES and identified himself in Spanish as a police office by displaying his badge and photo identification. Detective Interian requested consent to search of GARCES and his carry-on bag. GARCES consented to a search of his person and his carry-on bag.

5.   Detective Interian conducted a consensual pat down search of GARCES' groin area and felt plastic bags containing numerous hard pellets.[1] In order to continue the search in a more private area, GARCES was placed in investigative detention and escorted to the DIU office, where he consented to removal of his pants. Upon removal of GARCES' pants your affiant observed (3) clear plastic baggies containing numerous hard pellets of suspected heroin concealed inside GARCES' underwear. These pellets weighed approximately 938 grams. Your affiant field tested one of the pellets, which resulted in a positive indication for heroin, a Schedule I controlled substance.

6. GARCES was placed under arrest at this point. 7.

---

[1] Detective Interian has been working at the DIU at Fort Lauderdale airport for two years and has been involved in dozens of cases where heroin couriers have transported heroin in this manner.

6. Detective Interian advised GARCES of his constitutional rights in Spanish language as per Miranda and received acknowledgment from GARCES that he understood his rights and agreed to waive same. GARCES then advised that he knew he was carrying heroin and that he was a courier for the transportation of heroin from South Florida to New York City, for further distribution. GARCES admitted that he was being paid to act as a courier and was going to deliver the heroin to another person in New York.

FURTHER YOUR AFFIANT SAITH NOT.

Robert Shinn, Special Agent
Drug Enforcement Administration

Subscribed and sworn to
before me this 11th day of July, 2000.

Barry S. Seltzer
United States Magistrate Judge