UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.00-6196-CR-FERGUSON

UNITED STATES OF AMERICA
            Plaintiff,

v.

LEONEL GARCES

            Defendant.
_____/

**NIGHT BOX**
**·MHMBA·**

**JUL 2 5 2000**

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

### GOVERNMENT'S RESPONSE TO STANDING DISCOVERY ORDER

The United States of America, in response to the Standing Discovery Order issued in this case file this response which is alphabetized and numbered to correspond to that original order and states as follows:

A.    1.    There are written or recorded statements made by the defendants.    See attached statements of the defendant; executed advise of rights form and personal history report.

2.    The defendant made oral statements after arrest, in response to interrogation by a then known-to-be government agent, reports of which are attached, which the government intends to offer in evidence at trial. See attached statement of the defendant.

3.    Defendants did not testify before the grand jury.

4.    Defendant has a criminal history which will be turned over to the defense upon receipt by the undersigned.

5.    Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendant, include but are not limited to: three zip lock bags containing a quantity of heroin; one Jet Blue airline ticket; Florida ID card in the name of Leonel GARCES; and one black cross with beads.

6.    The results or reports of physical or mental examinations or scientific tests or experiments made in connection with this case, if any exist, will be provided as soon as they are received by the undersigned.

B.    The United States requests the discovery and production of those items described and listed in paragraph B of the Standing



Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

C. The only information or material known to the United States which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or United States v. Agurs, 427 U.S. 97 (1976) is as follows: None known

D. The existence and substance of payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses within the scope of Uni ted States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959) is as follows: None Known

E. None Known

F. No defendants were identified in photo spreads or similar identification procedures.

G. The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

H. The United States will advise the defendant, prior to trial, of its intent to introduce during its case in chief, evidence of other crimes, wrongs or acts as provided by Federal Rule of Evidence 404(b). Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

I. The defendant was not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or a person against whom the interception was directed.

J. The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

K. There are controlled substances which are the subject of the indictment in this case. Lab report to be forwarded as soon it is received by the undersigned.

L. The United States did not seize or forfeit any automobile, vessel or aircraft allegedly used in the commission of the offenses in this indictment.

M. Latent fingerprints examination of the drugs recovered in this case has not been completed. Results of the fingerprint examination will be forwarded to counsel upon receipt by the undersigned.

The United States demands, pursuant to Federal Rule of Criminal Procedure 12.1, notice of the defendant's intention to offer a defense of alibi. The approximate date, time and place at which the alleged offenses were committed are as follows:

Date:          July 11, 2000 at Approximately 6;25 am

Place:         Fort Lauderdale/Hollywood International Airport
               Broward County, Florida

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By:    Thomas P. Lanigan
       ASSISTANT UNITED STATES ATTORNEY
       Court ID # A5500033
       500 E. Broward Blvd Suite 700
       Fort Lauderdale, FL 33301
       (954) 356-7255 ext 3590
       (954) 356-7230 fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was mailed this 25rd day of July ,2000 to the following:

Ronald Gaynor,Esq.,
150 West Flagler Street Suite 2701
Miami, Florida
33130

Thomas P. Lanigan
ASSISTANT UNITED STATES ATTORNEY

cc: S/A Robert Shinn, DEA

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 3

| 1. Program Code | 2. Cross File | Related Files | 3. File No. | 4. G-DEP Identifier |
|---|---|---|---|---|

| 5. By: S/A Robert P. Shinn | | | 6. File Title |
|---|---|---|---|
| At Fort Lauderdale D.O. Group 1 | | | GARCES, Leonel |

| 7. ☐ Closed ☐ Requested Action Completed | | 8. Date Prepared |
|---|---|---|
| ☐ Action Requested By: | | 07/18/00 |

9. Other Officers: Det. Jose Interian (BSO)

10. Report Re: Post Arrest Statement of Leonel GARCES, and Acquisition of Exhibit N-1

### DETAILS

1. Reference is made to all reports of investigation under the above captioned file title and number.

2. On July 11, 2000, Detective Jose Interian of the Broward County Domestic Interdiction Unit (DIU) conducted a post arrest interview of Lenonel GARCES. Det. Interian advised GARCES of his constitutional rights in Spanish per Miranda and received acknowledgement from GARCES that he understood his rights and agreed to waive same. GARCES signed the waiver of rights form, which is identified as Exhibit N-1.

3. GARCES stated that he arrived from Colombia in March of 2000 to look for work in the United States. GARCES further stated that he met Edwin MOSQUERA at a party in Miami, Florida during the same time, and MOSQUERA introduced him to another Colombian male only known to him as "Flaco". According to GARCES, Flaco asked him if he wanted to make some extra income, and he agreed.

4. GARCES further stated that he made a "test run" on June 26, 2000, and flew to JFK Airport New York, New York on Jet Blue Airlines. Upon arrival, GARCES said he stayed with another Colombian male known as "Pantera" at a Queens, New York hotel. GARCES further stated that Pantera is a member of a heroin distribution organization operating in New York. GARCES further related that he did not carry any narcotics to New York during the "test run".

| 11. Distribution: | | 12. Signature (Agent) | 13. Date |
|---|---|---|---|
| Division | | S/A Robert P. Shinn | 07/19/2000 |
| District | | 14. Approved (Name and Title) | 15. Date |
| Other | | Bruce R. Baldwin Group Supervisor | 7/19/2000 |

DEA Form      - 6
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

2000/07/19:BEB

1 - Prosecutor

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

| **REPORT OF INVESTIGATION** | 1. File No. | 2. G-DEP Identifier |
| *(Continuation)* | 3. File Title | |
| | GARCES, Leonel | |

| 4. Page 2 of 3 | |
| 5. Program Code | 6. Date Prepared |
| | 07/18/00 |

5. According to GARCES, on July 10, 2000, he met Flaco at a bar by the beach in Fort Lauderdale, Florida. GARCES related that Flaco provided him with car keys to a burgundy Nissan parked in a parking lot in close proximity to the bar, and advised him that the heroin was inside the trunk. GARCES said he was instructed to place the car keys by the parking meter after retrieving the heroin. GARCES further stated that he was to be paid $800 U.S. currency by Flaco after he returned from New York.

6. GARCES stated that he acquired the heroin from the trunk of the Nissan parked in the parking lot and walked to a Best Western hotel located on A1A in Fort Lauderdale, Florida and obtained a room. GARCES said he removed the heroin, which was packaged in condoms and placed them inside plastic baggies.

7. According to GARCES, at approximately 7:00 P.M. on the same date, Flaco picked him up at the hotel and drove him to his residence in Miami, Florida. GARCES went on to say that on July 11, 2000, at approximately 5:30 A.M., MOSQUERA picked him up at his residence and drove him to the Fort Lauderdale/Hollywood International Airport. While enroute to the airport, GARCES said that MOSQUERA asked him where he concealed the heroin, at which time he pointed to his groin. GARCES further stated that MOSQUERA gave him approximately $200 to purchase an airline ticket at the airport. GARCES further stated that MOSQUERA is a distributor for the heroin organization and is responsible for "putting things together" for Flaco.

### CUSTODY OF EVIDENCE

Exhibits: N-1: one statement of rights form signed by Leonel GARCES

Exhibit N-1 was signed by GARCES after his arrest on 07-11-00 at the Fort Lauderdale/Hollywood Airport, witnessed by S/A Robert Shinn. S/A Shinn maintained custody of the Exhibit until 07-13-00 when custody was relinquished to S/A Michael Bulgrin. S/A Bulgrin maintained custody of the Exhibit until relinquished to the Non-Drug Evidence Custodian.

DEA Form    - 6a                    **DEA SENSITIVE**
(Jul. 1996)                    **Drug Enforcement Administration**

                                                        **1 - Prosecutor**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

---

| **REPORT OF INVESTIGATION** | | | **Page 1 of 3** | |
|---|---|---|---|---|
| 1. Program Code | 2. Cross File | Related Files | 3. File No. | 4. G-DEP Identifier |
| 5. By: S/A Michael Bulgrin  At: Fort Lauderdale DO Grp 1 | ☐ ☐ ☐ ☐ | | 6. File Title GARCES, Leonel | |
| 7. ☐ Closed ☐ Requested Action Completed  ☐ Action Requested By: | ☐ | | 8. Date Prepared  07/21/00 | |

9. Other Officers: S/A Robert Shinn, Detective Jose Interian, Robert Wolfkill,

10. Report Re: Arrest of Leonel GARCES and Edwin MOSQUERA and the Acquisition of Exhibits 1, N-3 and N-4 on 07-11-00.

## DETAILS

1. On July 11, 2000, members of the Broward County Sheriffs Office Domestic Interdiction Unit (DIU), which includes Fort Lauderdale District Office participation, were working in the terminal area of the Fort Lauderdale/Hollywood International Airport. DIU Detectives observed two subjects later identified as Leonel GARCES and Edwin MOSQUERA acting suspiciously in the terminal. DIU Detectives observed GARCES and MOSQUERA as they appeared to be extremely nervous as they approached the Jet Blue ticket counter. DIU Detectives overheard GARCES state that he did not have a reservation, and wanted to purchase a one way ticket to New York.

2. DIU Detectives observed GARCES purchase his ticket before approaching him. The Detectives noticed GARCES and MOSQUERA as they became noticeably nervous as the Detectives approached them with their badges and photo identification displayed. Detective Interian introduced himself in Spanish after GARCES and MOSQUERA advised they did not speak English. Detective Interian explained the role of DIU at the Fort Lauderdale/Hollywood International Airport, and that they were free to leave. GARCES agreed to speak with DIU Detectives and stated that he was from Costa Rica, and was traveling to New York to visit a friend. GARCES then gave consent to have his carry-on bag searched by DIU Detectives. The search of the baggage did not produce anything of criminal nature. Detective Interian asked GARCES and MOSQUERA if they would speak with Detectives further and GARCES agreed, and followed the



| 11. Distribution:  Division  District  Other | 12. Signature (Agent)  S/A Michael Bulgrin | 13. Date  07/24/2000 |
|---|---|---|
| | 14. Approved (Name and Title)  Bruce Baldwin  Group Supervisor | 15. Date |

DEA Form - 6
(Jul. 1996)
2000/07/14:BEB
1 - Prosecutor

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

-cr-06196-WDF of Justice ocument 15   Entered on FLSD Docket 08/20/2001   F

Drug Enforcement Administration

| | 1. File No. | 2. G-DEP Identifier |
|---|---|---|
| **REPORT OF INVESTIGATION** *(Continuation)* | | |
| | 3. File Title GARCES, Leonel | |
| **4.** Page  2  of  3 | | |
| 5. Program Code | 6. Date Prepared 07/21/00 | |

Detectives to the DIU office; however, MOSQUERA walked away quickly toward the exit, and Detective Wolfkil followed MOSQUERA to monitor his activities.

3. Once at the DIU office, GARCES consented to a search of his person, and Detective Interian discovered approximately one kilogram of heroin(Exhibit # 1) concealed underneath a pair of spandex shorts he was wearing. S/A Robert Shinn performed a field test on the suspected heroin, which resulted, in a positive reaction for the presence of heroin.  Also seized from GARCES was one Jet Blue Airlines ticket(Exhibit N-3).  Detective Wolfkill was immediately notified of the heroin discovery, and Detective Wolfkil detained MOSQUERA as he was attempting to enter his vehicle.  Detective Wolfkill escorted MOSQUERA to the DIU office where he was questioned after being read his Miranda rights. MOSQUERA denied any involvement with attempting to transport heroin to New York; even though GARCES implicated him as a participant. GARCES and MOSQUERA were both determined to be Colombian citizens and U.S. Border Patrol placed detainers on both of them.

4. After conferring with the Assistant U.S. Attorney, prosecution was declined on MOSQUERA on narcotic related charges; however, he was determined to be in the United States illegally and he was arrested by the United States Border Patrol and transported to INS for processing. GARCES was transported to the United States Marshal's Service, where he was processed before appearing before United States Magistrate Judge Barry S. Seltzer.  During the processing of GARCES, S/A Bulgrin seized one necklace with black beads and a cross(Exhibit N-4) for safekeeping. Magistrate Judge Seltzer placed GARCES in pre-trial detention pending a bond hearing set for July 18, 2000.

## CUSTODY OF EVIDENCE

### DRUG EVIDENCE

1.   Exhibit #1: Three zip-lock bags each containing numerous brown pellets of heroin.
Exhibit 1 was seized from Leonel GARCES on 07-11-00 by S/A Robert Shinn and Detective Jose Interian at the Fort Lauderdale/Hollywood Airport as he

| DEA Form   - 6a | **DEA SENSITIVE** | |
|---|---|---|
| (Jul. 1986) | **Drug Enforcement Administration** | |

**1 - Prosecutor**

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.

-cr-06196-WDF  Document 15 - 2  Entered on FLSD Docket 08/20/2001  F

2000-63-2654

**U.S. Department of Justice**
Drug Enforcement Administration

# PERSONAL HISTORY REPORT

| 1. File Title | 2. File Number | 3. Program Code |
|---|---|---|
| GARCES, Leonel | | |

| | 4. Group No. | 5. G-DEP ID | 6. Date Prepared |
|---|---|---|---|
| | 1 | | 07-11-00 |

## 7. PURPOSE OF SUBMISSION:  [X] G-DEP DESCRIPTION   [X] ARREST   [ ] FUGITIVE DECLARATION

| 8. Subject Name (Last, First, Middle) | 9. Date of Birth (MM/DD/YYYY) |
|---|---|
| GARCES, Leonel | 07-06-66 |

| 10. Alias Name | 11. Alternate Date of Birth |
|---|---|
| none | none |

| 12. | 13. FBI No. | 14. Social Security No. | 15. Misc. Numbers (e.g., TECS; DRUG-X; Registrant; CSS No., etc.) |
|---|---|---|---|
| | none | none | Drug-X negative |

| 16. Place of Birth (City, State/Country) | 17. Citizenship (Country) | 18. Alien Status  [X] Illegal |
|---|---|---|
| Tomako, Colombia | Colombia | [ ] Legal (Alien Registration No.) none |

| 19. Race | 20. Ethnicity | 21. Sex | 22. Color Hair | 23. Height |
|---|---|---|---|---|
| [X] Black   [ ] Asian-Pacific Islander | [X] Hispanic | [X] Male | Black | 5' 05" |
| [ ] White | [ ] Non-Hispanic | | 24. Color Eyes | 25. Weight |
| [ ] Native American  [ ] Unknown | [ ] Unknown | [ ] Female | Brown | 160 lbs. |

| 26. Address (No., Street, Unit, City, State/Country, Zip Code) | 27. Identifying Characteristics (Scars, tattoos, marks, physical defects, etc.) |
|---|---|
| 60 NE 76 Street Miami, Florida. 33138 | none |

| 28. Telephone Number (Include Area Code)   none |
|---|

| 29. Occupation | 30. Employer Name and Address |
|---|---|
| Construction worker | Labor World Miami, Florida |

| 31. Employer Telephone Number (Include Area Code)  unknown |
|---|

| 32. Passport No. | 33. Issue Date | 34. Issuing Country | 35. Expiration Date | 36. Name on Passport |
|---|---|---|---|---|
| unknown | unknown | unknown | unknown | unknown |

| 37. Driver's License No. | 38. Issuing State/Country | 39. Expiration Date | 40. Name on License |
|---|---|---|---|
| none | none | none | none |

| 41a. FAMILY INFORMATION (Last, First, Middle Name) | b. Age | c. Address (No. Street, Unit, City, State/Country) & Phone No. |
|---|---|---|
| Father | | |
| GARCES, Mario | 70 | Tomako, Colombia |
| Mother | | |
| MARTINEZ, Durila | unk | Venezuela |
| [ ] Spouse  [ ] Companion  [ ] Paramour | | |
| none | | |
| Children | | |
| none | | |
| | | |
| | | |
| Other Relatives                  (Relationship) | | Timiki, Colombia |
| GARCES, Luz Mari         sister | 37 | |

| 42a. Source of Supply (Name) | 43a. Criminal Associates (Use Remarks Section to Add Other Names) | 43b. NADDIS Nos. |
|---|---|---|
| Edwin MOSQUERA | Edwin MOSQUERA | NEGATIVE |
| 42b. NADDIS No. | | |
| NEGATIVE | | |

## I. G-DEP DESCRIPTION (Complete for all G-DEP and Arrest Submissions.) Agents Manual 622

| 44. Submission: | 45. Subject's Principal Criminal Activity | 46. Subject's Principal Controlled Substance / Commodity |
|---|---|---|
| [X] Initial   [ ] Supplemental | Use Letter Code:  U (See Agents Manual) | Use Letter-Number Code:  H1 (See Agents Manual) |

DEA Form -202      Previous edition dated 9/95 may be used until supply is exhausted.