UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| vs. | ) | Case No.: | 00-6196-CR-Ferguson |
| | ) | | |
| LEONEL GARCES | ) | | |
| | ) | | |

## DEFENDANTS OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

Defendant, Leonel Garces, through Counsel, hereby files his objection to the Presentence Investigation Report (PSI) and in support would state the following:

1) The Defendant, Leonel Garces, specifically objects to Paragraph 20 wherein he is not accorded a minor role under Section 3BI.2(b).

According to application Note 3, "A minor participant means any participation who is less culpable than most other participants, but whose role could not be described as "minimal". In the instant case, it is clear that the Defendant is nothing more than a one-time courier of narcotics. Mr. Garces was recruited by two other individuals who worked for a third person by the name of "Pantera". Each one of these three other persons were arguably more involved and more culpable than Mr. Garces in the scheme. In short, Mr. Garces was simply a mule. He was not the original owner of the drugs nor the ultimate recipient. In short, the Defendant was chosen to serve a limited role for very limited renumeration.

00-6196-CR-Ferguson

## Memorandum of Law

Courts have consistently made downward adjustments for minor and/or minimal participant for individuals with more active participation than that of Mr. Garces. See United States v. Pompey, 17 F.3d 351 (11th Cir.1994)(trial court awarding defendant four level reduction for minimal participation where defendant attempted to bribe DEA agent); United States v. Vega-Encarnation, 914 F.2nd 20, 25 (5th Cir.1990), cert. denied, 499 U.S. 977 (1990) (defendant who solicited drug buyer and threatened to kill an individual who appeared to be a police officer if he approached granted a minor role); United States v. Hagen, 913 F.2d 1278, 1283 (7th Cir.1990) (defendant, who lived on the farm where 60,000 marijuana plants were cultivated, weeded the plants and had knowledge that the plants were cultivated, was a minor participant); Unites States v. Garvey, 905 F.2d 1144, 1146 (8th Cir.1990) (minor participant status for a defendant who sold 8.13 kilograms of hashish oil and who had prior criminal activity); United States v. Franklin, 902 F.2d 501, 510 (7th Cir.) cet. denied, 499 U.S. 906 (1990) (defendant was a minor participant in a scheme of laundering drug proceeds when he participated in at least four activities relating to money laundering, allowed two vehicles that were proceeds of money laundering to be titled in his name, converted cash to checks and put his name on safety deposit boxes used to store large amounts of drug proceeds); Schetz v. United States, 901 F.2d 85, 86-87 (7th Cir.1990) (defendant, who had knowledge of substantial amounts of cocaine that were to be distributed, was a minor participant when he actively enlisted co-defendant to help stealing automobiles); United States v. Chirstman, 894 F.2d 339, 341 (9th Cir.) cert. denied, 494 U.S. 1060 (1990) (minor role for an individual who used a telephone to negociate the price of a quantity of drugs).

Based on the above and foregoing, the Defendant requests that the Court reduce Mr. Garces' total officer level by two (2) levels to reflect a minor role.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed to:

Thomas Lanigan
500 E. Broward Blvd.
Ft. Lauderdale, Florida 33394

Marilys S. Martinez
U.S. Probation Officer
300 N.E. 1st Avenue, Room 315
Miami, Florida 33132

this 3 day of November, 2000.

Respectfully submitted,

RONALD GAINOR, ESQUIRE
150 West Flagler Street
Suite 2701
Miami, FL 33130
Telephone: (305) 371-4244

By: _____
    Ronald Gainor

F:\WP51\FILES\Ronald Gainor\Garces\1026